**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JANE DOE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JOSEPH B. EDLOW,**<br><br>**Defendants.** | **Civil Action No. 26-2703** |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jane Doe, a French national, "work[s] as a rare creative director developing wearable ethical sculptures." ECF No. 1 (Compl.), ¶¶ 6, 21. Invoking her "extraordinary international career and accomplishments in the fashion and creative industries," Plaintiff applied for a U.S. work visa, requesting premium processing. Id., ¶ 11, 16. Premium processing should take 15 business days. Id., ¶ 16. Ten months, however, have passed, and she has still not received a decision on her petition. Id. So Plaintiff filed this lawsuit, seeking an injunction under § 706(1) of the Administrative Procedure Act to "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), as well as a writ of mandamus under the Mandamus Act, 28 U.S.C. § 1361. Id., ¶¶ 28–39. She requests to proceed in this lawsuit using a pseudonym. See ECF No. 5 (Mot.). As she has not made the detailed showing required to overcome the presumption in favor of disclosure, the Court will deny the Motion. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

## I. Legal Standard

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). That requirement reflects the "customary and constitutionally[ ]embedded presumption of openness in judicial proceedings." Doe v. Hill, 141 F.4th 291, 293 (D.C. Cir. 2025) (quotation marks and citation omitted). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019)). That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## II. Analysis

Plaintiff has not met her burden to show that the privacy interests at stake outweigh the public's presumptive and substantial interest in learning her identity.

Starting with the first factor, disclosure of Plaintiff's identity will not reveal any information of a "sensitive [or] highly personal nature." Id. at 327 (quoting In re Sealed Case,

931 F.3d at 97). The Complaint reveals no information involving "intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors." Id. In her Motion, Plaintiff vaguely argues that allowing her name to be public in this suit would link her to a separate suit, "in which she has alleged that she was subjected to sexual exploitation/sex trafficking." Mot. at ECF p. 4; see id. at p. 3. Harms stemming from trafficking claims can certainly weigh in favor of granting pseudonymity. See, e.g., Zoe v. United States, 2025 WL 1676040, at *1–2 (D.D.C. June 13, 2025). It is unclear, however, how proceeding pseudonymously here would preserve Plaintiff's privacy *vis-à-vis* these facts, which do not appear to underlie this litigation and, in any event, have "already been publicly disclosed" in other litigation. Doe v. Rogers, 2023 WL 1470007, at *2 (D.D.C. Feb. 2, 2023). Plaintiff also contends that the immigration petition underlying this litigation discloses personal information about her family and adoption. See Mot. at ECF p. 3; see also id. at p. 6. That vague assertion, which lacks any specifics as to what the information consists of and what makes it sensitive, is insufficient to overcome the presumption in favor of disclosure.

Finally, Plaintiff argues that this litigation may reveal that the Government believes that Plaintiff is a Haitian national and that it associates her with terrorism-related concerns — information that could be "weaponized by persons who have threatened Plaintiff." Id. Plaintiff's nationality (and even the Government's potential accusations against her), standing alone, are not so personal and sensitive as to justify proceeding pseudonymously. Instead, those facts are the ordinary sort that attend immigration-related litigation. That said, immigration-related threats to safety can certainly justify proceeding pseudonymously. Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023); see, e.g., Alpha v. Mayorkas, No. 23-1438, ECF No. 3 (Mem. Op.) at 3 (D.D.C. May 23, 2023) (factor favored pseudonymity where, "[i]n a set of

detailed declarations, [p]laintiffs describe the grave threats that they have already experienced at the hands of the Taliban and that they could experience if made to return to that country after having filed this public lawsuit"). Plaintiff, however, offers only the conclusory and speculative assertion that she may be threatened in a vague way. That allegation is too threadbare to support the conclusion that sensitive information is on the line.

The second factor also cuts against pseudonymity. It considers whether plaintiffs face a "risk of retaliatory physical or mental harm" from disclosure, In re Sealed Case, 971 F.3d at 326, and is strongest when plaintiffs identify particular, concrete threats. J.K.A. v. United States, 2023 WL 12248425, at *2 (D.D.C. Aug. 10, 2023). Plaintiff vaguely alleges that a fashion entity has made "immigration-related threats" to her, and she attached to her Motion an exhibit that she says documents those threats. See Mot. at ECF p. 4. It does not, however. The exhibit shows only that a state Department of Labor is investigating that fashion entity for failure to pay wages and other such labor violations, and that the state has therefore asked the Department of Homeland Security to defer action on Plaintiff's immigration case, as workers feel more comfortable reporting violations during the investigation if they do not have "fear of retaliation or immigration-related consequences." Mot., Exh. A, at ECF pp. 12–14. While a rigorous showing is not required at this stage, Plaintiff's conclusory and unsubstantiated allegations that she may be threatened are not enough.

The third factor also squarely disfavors pseudonymity, as Plaintiff's case does not implicate the safety or privacy interests of a minor. See, e.g., Doe v. Burns, No. 23-2937, ECF No. 7 (Mem. Op.) at 6 (D.D.C. Oct. 5, 2023); J.K.A., 2023 WL 12248425, at *3.

The fourth factor, conversely, weighs in favor of granting the Motion. This Court has recognized that pseudonymity may be appropriate where, as here, a plaintiff is suing a

government defendant and seeking only individualized relief, since "government defendants do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing." J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (cleaned up); see also D.S. v. Dist. of Columbia, 2026 WL 2444953, at *2 (D.D.C. Aug. 20, 2026) ("The public interest in litigation against the government is further reduced where, as here, a plaintiff seeks individualized, rather than programmatic, relief."); Am. Foreign Serv. Ass'n v. State, No. 24-3385, ECF No. 8 (Mem. Op) at 5–6 (D.D.C. Dec. 11, 2024) (fourth factor favors pseudonymity where plaintiffs sought review of individual benefit denials). That weighs in Plaintiff's favor. Here, moreover, there is no "heightened public interest" because this suit does not appear likely to "alter the operation of public law both as applied to [Plaintiff] and, by virtue of the legal arguments presented, to other parties going forward." In re Sealed Case, 971 F.3d at 329.

The fifth and final factor also supports Plaintiff, as the Government would suffer no "risk of unfairness" if the Motion were granted. In re Sealed Case, 971 F.3d at 326 n.1. Plaintiff has agreed to file her name under seal, see Mot. at ECF p. 9, and Defendants will presumably have access to her information via her immigration file. In such circumstances, this factor does not require disclosure. See In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity); Doe v. ICE, No. 24-617, Mem. Op. at 5 (fifth factor supports motion where defendant already knows plaintiff's identity).

On balance, although the fourth and fifth factors offer some support to Plaintiff's Motion, the remaining ones tip the scales toward disclosure. The Court therefore finds that Plaintiff has not met "the weighty burden" of "demonstrating a concrete need" for pseudonymity in this lawsuit. In re Sealed Case, 971 F.3d at 326.

The Court accordingly ORDERS that:

1. Plaintiff's [5] Motion for Leave to File Under Pseudonym is DENIED; and
2. Within fourteen days of the Court's Order, Plaintiff shall advise the Clerk of the Court whether she wishes to proceed with filing the Complaint on the public docket using her real name, and, if so, file her [5] Motion on the public docket.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: August 27, 2026